31147.   MITCHELL *v.* THE STATE.

832

DECIDED APRIL 19, 1946.   REHEARING DENIED MAY 16, 1946.

*C. R. Vaughn, Reuben A. Garland, William Hall,* for plaintiff in error.

*D. P. Philips, solicitor, Walter P. McCurdy,* contra.

MACINTYRE, J.   The defendant was convicted, in the city court of Decatur, of a misdemeanor, in that he "did operate an automobile upon the public highway, to wit, Buford Highway, between Gwinnett County line and Fulton County line, in said State and county, at a greater rate of speed than 55 miles per hour, contrary to the laws of said State, the peace, good order and dignity thereof." To the overruling of his motion for a new trial the defendant excepted.

■ In special ground 1, the defendant excepts to the use of the words, "of course," in the court's recharge, as follows: "I charge you that in all misdemeanors all participants are principals. Of course the defendant denied this and denied that he had anything to do with suggesting going on the race and encouraging and abetting Lancaster or anybody else in operating this automobile." The recharge, when considered as a whole, was not subject to the objection that it "is argumentative, and weakened and disparaged the contentions of the defendant, and thus impressed the jury that the court was of the opinion that the defendant was guilty." The use of the words, "of course," while inapt, was not an expression intimating what had been proved in the case, and the jury were not misled into believing that the court was expressing an opinion. The ground is without merit.

■ In special ground 2, the defendant complains that the court erred in not "confining his recharge to the request made by the foreman, or on the other hand recharging them in full." In his request for further instructions, the foreman stated: "There seems to be some misunderstanding about the meaning of aiding and abetting of the automobile." In order to prove that the defendant "operated" the automobile, it was necessary to prove that he aided and abetted the operation of the automobile, he being the owner

and passenger in the automobile in question, though not the driver. The recharge was responsive to the request of the foreman, presenting explicitly and fairly the law of principal and accessory as applied to the evidence in this misdemeanor case. It was not harmful to the defendant, but was helpful to the jury on the question of law upon which the foreman requested enlightenment from the judge. The ground is not meritorious.

■ The jury were authorized to find that the defendant, together with several other persons in a parking lot in the City of Atlanta, after midnight of Saturday, May 19, 1945, planned a race between the automobile belonging to the defendant and an automobile belonging to J. R. Walden, who was also convicted of the same offense. The defendant, together with Walden and several others, proceeded to a planned point where the race started. The defendant rode in the car belonging to him and driven by Felton Lancaster, from said parking lot up to a point previously planned for the race to begin. The defendant continued to sit in the front seat with Lancaster operating the defendant's automobile after the race began and all during the race. The race proceeded into DeKalb County on said Buford Highway at a speed ranging from 75 to 95 miles per hour to a point near Peachtree Creek, where the other racing automobile, which belonged to Walden and was being operated by Bobby Bolling, turned over several times, killing Bolling. The jury were authorized to find the defendant guilty of operating an automobile upon the public highway at a greater rate of speed than 55 miles per hour, for all who procure, counsel, command, aid, or abet the commission of a misdemeanor are treated by the law as principal offenders. *Walden v. State,* 73 *Ga. App.* 472 (36 S. E. 2d, 886).

■ The judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

ON MOTION FOR REHEARING.

MacIntyre, J. When the recharge as a whole is considered, the word "this" in the expression in the excerpt from the charge quoted in division 1 of the opinion was plainly referring to a denial by the defendant that he participated in the criminal act of Lancaster, and was not understood by the jury as being a statement by

the court that the defendant was denying the proposition of law that "in misdemeanors all participants are principals." This and all other matters in the motion having been considered, a rehearing is *Denied.*